JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0371 AG (RNBx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | CLARA MORENO v. WELLS FARGO, N.A. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:**     [IN CHAMEBRS] ORDER GRANTING MOTION TO REMAND

Plaintiff Clara Moreno ("Plaintiff") filed a foreclosure-related lawsuit against Defendant Wells Fargo Bank, N.A., ("Defendant") in state court. Defendant then removed to this Court claiming federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has filed a Request for Remand to State Court ("Motion") for lack of subject matter jurisdiction. Plaintiff subsequently filed a First Amended Complaint ("FAC").

The Court GRANTS Plaintiff's Motion.

**BACKGROUND**

Plaintiff and her husband owned property in Anaheim, California. (Notice of Removal ("Removal"), Ex. A, ("Compl."), Dkt. No. 1, ¶¶ 1, 28.) Defendant was the mortgage loan servicer for Plaintiff's mortgage on the property. (Compl. ¶ 13.) According to Plaintiff, Defendant, contrary to the federal Home Affordable Mortgage Program ("HAMP"), refused to review her application for loan assistance, demanding that she use her husband's life insurance proceeds to remain current on her mortgage. (Compl. ¶ 34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0371 AG (RNBx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | CLARA MORENO v. WELLS FARGO, N.A. | | |

Plaintiff further alleges that she submitted numerous applications at Defendant's urging, that she had at least one financial interview with Defendant, and that Defendant falsely promised to help save Plaintiff's home from foreclosure. (Compl. ¶ 35-38.) Defendant filed and recorded a Notice of Default in December 2012. (Compl.¶ 38.)

Plaintiff now seeks, among other things, a court order requiring "Defendant[] to review Plaintiff for mortgage assistance, as required by HAMP guidelines . . . ." (Compl. 32:3-4.)

### LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1441. Lawsuits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a); *see Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("The propriety of removal is determined solely on the basis of the pleadings filed in state court."); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941))

District courts have original jurisdiction of all civil actions "arising under the Constitution, laws or treaties of the United States" or "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. §§ 1331, 1332(a).

District courts have an ongoing duty to determine whether original jurisdiction exists. 28 U.S.C. § 1447(c). If a district court finds it lacks subject matter jurisdiction at any time before final judgment, the court must issue a remand order. *Id*.

### ANALYSIS

Plaintiff's complaint includes nine causes of action, with the first being a breach of contract claim. Defendant removed this case on the basis of diversity jurisdiction and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0371 AG (RNBx) | Date | April 15, 2013 |
|---|---|---|---|
| Title | CLARA MORENO v. WELLS FARGO, N.A. | | |

federal question jurisdiction for the breach of contract claim.  (Removal, 2:12-13; 6:2-4.)  Defendant also claims supplemental jurisdiction exists over the remaining eight claims.  (Removal, 3:3-8.)  Plaintiff moved to remand under 28 U.S.C. § 1447(c), arguing that Defendant's Removal fails to establish either federal question or diversity jurisdiction.  (Motion, 3:15-19, 3:27-28.)

**1.      FEDERAL QUESTION JURISDICTION**

The burden of establishing federal question jurisdiction is on the party seeking removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988).  Defendant argues that the Court has federal question jurisdiction because Plaintiff's breach of contract claim is based on HAMP.  (Removal, 3:9-15.)  Plaintiff appears to argue that her claim as a third-party beneficiary does not involve a federal question.  The Court agrees.  This federal court will not open its doors to alleged breach of contract claims like this.

**2.      DIVERSITY JURISDICTION**

Defendant's claim that diversity exists rests on its assertion that "it is a citizen of only South Dakota."  (Opp'n, Dkt. No. 12, at 5.)  The Court disagrees.  See *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

**DISPOSITION**

Plaintiff's Motion is GRANTED.  This case is REMANDED to the appropriate state court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | enm | |